## The State, ex rel. Fernsel, *v.* Rector et al.

APPRAISER AND ASSESSOR.—*Statute Construed.*— Section 108 of the act of December 21st, 1872, Acts Special Session 1872, p. 57, applies to persons elected under section 107, and not to appraisers elected in October, 1872. Such appraisers were by section 276 of said act constituted assessors for two years without filing the bond or taking the oath mentioned in section 108.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey*, for appellant.

*G. A. Knight*, for appellees.

OSBORN, J.—This was a proceeding for a mandate, commenced by the appellant against the appellees, the Board of Commissioners of Clay County, the individual members of the board, and the auditor of the county, to compel them to approve his official bond and administer to him the oath of office as county assessor of that county. The appellees entered their appearance and resisted the motion. The court overruled it, refused to grant the motion, and rendered judgment for costs against the appellant.

The affidavit, which is the foundation of the motion, states, amongst other things, that the appellant was, at the October election, 1872, duly elected county appraiser of Clay

county, and duly qualified as such; that he did not file a bond and take the oath of office required in section 108 of the act of December 21st, 1872, Acts Special Session 1872, p. 57, within ninety days after such election, because the board of county commissioners did not meet within that time; that at their first session after the passage of that act he offered to file such bond, with such sureties as the law required, tendered it to the board, and requested its approval, and then offered to take the oath of office, all of which was refused, for the reason that the county auditor, on the 25th day of January, 1873, had declared the office vacant, and appointed Andrew J. Montgomery to fill the vacancy.

Section 107 of the act of December 21st, 1872, *supra*, provides for the election of a county assessor in 1874, and every two years thereafter, and that previous to his entering upon the duties of his office, he shall execute a bond and take an oath of office.   Section 108 provides that if the county assessor shall not, within ninety days after his election, give the bond and take the oath of office as prescribed by section 107, the office shall be considered as vacant, and the county auditor shall at once fill the vacancy.

We suppose that it was by virtue of the provisions of the last named section, that the auditor appointed Montgomery to fill a supposed vacancy occasioned by the failure of the appellant to give the bond and take the oath therein specified.   But section 276 of the same act expressly provides, that "the persons elected by the different counties of the State at the last October election as appraisers of real estate, are hereby constituted county assessors, within the meaning and purpose of this act, to hold their offices as such for two years from the said election as such appraisers, and until their successors are elected and qualified."

Section 108 applied to persons elected under section 107, and not to appraisers elected in October, 1872.   They were already in office, and by section 276 were constituted assessors for two years, etc., without filing the bond or taking the oath mentioned in section 108.   *Fernsel* v. *Rector, ante.*

p. 114. They could discharge the duties of the office, and were entitled to its emoluments. The act of the auditor in appointing Montgomery was wholly unauthorized.

The act which the appellant sought, by the mandate, to compel the appellees to do, being unnecessary, the court committed no error in refusing the writ.

The judgment of the said Clay Circuit Court is affirmed, with costs.